IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE AND JOHN DOE,
parents and natural guardians of
MARY DOE, a minor

v.                                    C.A. NO. 14-4423

THE RITZ CARLTON HOTEL
COMPANY, LLC

FILED

JAN 1 4 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM OPINION

SCHMEHL, J.                                    JANUARY 14, 2015

Plaintiffs originally brought this action in the Court of Common Pleas of Philadelphia County, alleging that the defendant's negligence resulted in two sexual assaults on the minor-plaintiff while the plaintiffs were vacationing at one of defendant's resorts in the Cayman Islands. Defendant removed the action to this Court and, following the removal, filed a motion to dismiss. Plaintiffs subsequently filed an amended complaint. Presently before the Court is the defendant's motion to dismiss the amended complaint based on *forum non conveniens* or, alternatively, for failure to state a claim. For the reasons that follow, the motion is granted.

Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant, The Ritz Carlton Hotel Company, LLC, is a Delaware Corporation with its principal place of business in Maryland. The defendant owns and operates the Ritz Carlton, Grand Cayman Hotel (the "Hotel") in the Cayman Islands.

According to the amended complaint, plaintiffs received advertisements at their home from defendant for the Hotel. Plaintiffs planned a vacation at the Hotel and plaintiffs communicated regularly with agents of the Hotel in setting up an itinerary. Plaintiffs were scheduled to stay at the Hotel from March 24, 2013 through April 1, 2013.

Plaintiffs allege that on two separate occasions, the minor-plaintiff was sexually assaulted at the Hotel, by an employee of the Hotel, Iyilla Delmar Spence ("Bellman Spence"). Plaintiffs alleged that defendant was negligent in, *inter alia*, failing to screen and conduct an adequate background check on Bellman Spence and in failing to provide adequate security to the Hotel's guests.

"[T]he district court is accorded substantial flexibility in evaluating a *forum non conveniens* motion, and [e]ach case turns on its facts." Windt v. Qwest Communs.Int'l., 529 F.3d 183, 188 (3d Cir. 2008)(quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988) (internal quotations and citations omitted)); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981) ("The forum non conveniens determination is committed to the sound discretion of the trial court."). When a plaintiff brings an action in a court having jurisdiction, "a plaintiff's choice of forum should rarely be disturbed." Piper, 454 U.S. at 241. A court may exercise its discretion to dismiss a case only when trial of the action would "'establish . . . .oppressiveness and vexation to a defendant . . . out of all proportion to a plaintiff's convenience,'or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administration and legal problems.'" (quoting Koster v. Lumbermens Mut .Cas. Co., 330 U.S. 518, 524 (1947)). Defendant bears the burden of establishing that litigation in the plaintiff's chosen forum would be oppressive and vexatious to it. See id.

2

In deciding the motion, the Court must first determine whether an adequate alternative forum exists to hear the case. See Lacy v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989) (quoting Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988)). If such a forum exists, the Court must then determine the amount of deference to the plaintiff's choice of forum. Id. Finally, in making a determination of oppressiveness and vexation, the Supreme Court requires a balancing of private interest factors which affect the convenience of the parties, and public interest factors which affect the convenience of the forum. See Windt, 529 F.3d at 189 (citing Gulf Oil Corp v. Gilbert, 330 U.S. 501, 508-09 (1947)). The private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Id. (quoting Gilbert, 330 U.S. at 508 (internal quotations omitted)). The public interest factors include:

> administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in "having the trial of a diversity case in a forum that is at home with the state law that must govern the case"; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Id. (quoting Gilbert, 330 U.S. at 508-509). "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non*

3

*conveniens* grounds." Windt, 529 F.3d at 190.

The Court must first determine if an adequate alternative forum exists. The Supreme Court has noted that this requirement is generally met where the defendant is "amenable to process" in the other jurisdiction. Piper, 454 U.S. at 254 n.22 (citing Gilbert, 330 U.S. at 507-08). As there is no dispute that defendant is amenable to process in the Cayman Islands, the Court finds that an adequate alternative forum exists.[1]

A court is generally required to give a plaintiff's choice of forum significant deference. Piper, 454 U.S. at 255. This presumption in favor of plaintiff's choice of forum is particularly strong when the plaintiff is a United States citizen. Colantonio v. Hilton Int'l Co., No. 03-1833, 2004 WL 1810291, at *2 (E.D. Pa, Aug. 13, 2004)(citing Piper, 454 U.S. at 255-56 n.23). The Supreme Court has noted:

> [a] citizen's choice of forum should not be given dispositive weight, however. Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of convenience suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.

Piper, 454 U.S. at 255-56 n.23 (internal citations omitted). Additionally, courts within this District and elsewhere have held that where the operative facts giving rise to the action occur outside of the forum selected by the plaintiff, the deference given to plaintiff's choice of forum is somewhat reduced. See generally, Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001); Gaskins v. Nat'l Railroad Passenger Corp., No. 00-5144, 2001 WL 322518,

---

[1] There is also no dispute that the Cayman Islands recognizes the tort of negligence as part of its common law and that the applicable statute of limitations for bringing such an action in the Cayman Islands will not expire until 2016.

at \*1 (E.D. Pa. Feb. 21, 2001); Fidelity Leasing, Inc.,v. Metavec Corp., No. 98-6035, 1999 WL 269933, at \*2 (E.D. Pa. April 29, 1999)(citing Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 47 (E.D. Pa. 1982)); Edwards v. Texaco, Inc., 702 F.Supp. 101, 103 (E.D. Pa. 1988)(citing Kogok v. Fields, 448 F. Supp. 197, 201 (E.D. Pa. 1978)); Leinberger v. Webster, 66 F.R.D. 28, 34 (E.D.N.Y. 1975)(citations omitted)(stating "[p]laintiff's choice of forum is not as rigidly adhered to if all the operative facts occurred elsewhere").

Plaintiffs reside within this District, and thus the Eastern District of Pennsylvania is their home forum. However, almost all of the operative facts giving rise to plaintiffs' claims occurred outside of this forum, in the Cayman Islands. Specifically, plaintiffs allege that minor-plaintiff was sexually assaulted on two occasions by Bellman Spence on the Grand Cayman Island. Plaintiffs allege that the defendant was negligent in the hiring and supervision of Bellman Spence (and those who allegedly assisted him) and in failing to provide adequate security. Therefore, while this Court gives plaintiff's choice of forum deference, since the operative facts giving rise to the claims against defendant occurred in the Cayman Islands, that deference is somewhat diminished.

The next factor this Court must consider is the relative ease of access to sources of proof. Again, this case involves allegation of two sexual assaults which took place by Bellman Spence at the Hotel in the Cayman Islands. Therefore, any sources of proof relating to the defendant's potential liability, including Bellman Spence's background, his hiring file and documents pertaining to the security measures defendant provided are located in the Cayman Islands. In addition, all of the police investigation reports and records of plaintiff's medical treatment immediately after the alleged incidents, including her emergency room medical records are

located in the Cayman Islands. Finally, the security cameras and corresponding film from the Hotel which may have documented Bellman Spence's movements with the minor-plaintiff are in the Cayman Islands. On the other hand, only the records of that portion of minor-plaintiff's medical treatment occurring in and around the Philadelphia are located in this district. Therefore, this factor weighs in favor of the foreign forum.

Probably the most important factor this Court must consider in this case is the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining willing witnesses. Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that "[a] subpoena may command a person to attend a trial, hearing or deposition only within 100 miles of where the person resides, is employed, or regularly transacts business in person.: see also, Tannenbaum v. Brink, 119 F.Supp. 2d 505, 512 (E.D. Pa. 2000)(explaining that if witnesses who are "spread out across the United States, Europe and the Carribean. . .were unwilling to appear, a Pennsylvania court could not compel them to do so"). As a result, the Court finds this factor to be particularly crucial to its analysis.

In addition to many employee witnesses from the Hotel, defendant has identified numerous non-party witnesses who reside in the Cayman Islands whose testimony will be crucial to the issue of liability, including that of Bellman Spence and three police officials who investigated the alleged crime scene. Defendant has also identified the emergency room doctor who treated minor-plaintiff. While the Court is confident that defendant would be able to secure the attendance for trial in this District of any of its employee witnesses, including hotel staff and loss prevention officers, the Court is quite concerned that there is no compulsory process available for the attendance at trial or deposition in the United States of these critical non-party

witnesses, especially Bellman Spence who is no longer an employee of the defendant. As defendant points out, it would have to resort to a complicated and time-consuming process under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters to obtain discovery from the many non-party witnesses in the Cayman Islands. This Court would have to issue letters of request (rogatory letters) to the consulate in the Cayman Islands, directing the consulate to compel the depositions of any unwilling witnesses in the Cayman Islands. This procedure would put a tremendous strain on the efficiency and resources of the Court as well as the parties and would not be necessary if the case proceeded in the Cayman Islands. In short, defendant may simply not be able to procure the necessary witnesses for a trial in the United States. This would certainly seem to put the defendant at an unfair disadvantage.

Further, there would be great cost to defendant in getting so many witnesses from the Cayman Islands to this District, not to mention the potential passport and visa problems their attendance might present. Defendant points out that it would have difficulty functioning on a daily basis if so many of its employees were attending trial in this District. Of course, any witnesses not employed by the defendant would be responsible for their own costs.[2]

On the other hand, defendant asserts, and plaintiffs do not refute, that plaintiffs flew to the Cayman Islands for their vacation on a private jet and later returned for two weeks to participate the criminal trial of Bellman Spence. Nowhere do plaintiffs contend that they would

---

[2] In Yager v. Starwood Hotels & Resorts Worldwide, Inc., No. 12-4789, 2013 WL 2414146 (E.D.Pa, June 3, 2013), a case relied on by plaintiffs throughout their response, this Court denied a motion to dismiss on *forum non conveniens* grounds, based, *inter alia*, on the fact that in addition to plaintiff, two of the plaintiff's critical non-party liability witnesses resided in the United States, instead of the Bahamas.

suffer a financial hardship by having to litigate this matter in the Cayman Islands.[3] As a result, the Court finds that the cost of the three plaintiffs appearing for trial in the Cayman Islands would not be prohibitive nor particularly burdensome to them, especially when compared to the magnitude of cost and inconvenience that would be incurred by defendant and its many witnesses if trial were held in this District.[4]

In addition, most if not all of the witnesses identified by plaintiffs are medical professionals who treated minor-plaintiff in this District following her return to the United States. "Even where 'the overwhelming number of plaintiff's possible witnesses include medical professionals who treated plaintiff subsequent to the accident,' the case may be transferred because damage testimony would become relevant only if plaintiffs were to succeed on liability." Schmidt, 544 F,Supp. at 48 (quoting Bartolacci v. Corp. of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints, 476 F.Supp 381, 384 (E.D. Pa. 1979)(other citations omitted).[5] As the court noted in Bartolacci, "the overwhelming number of plaintiffs' possible

---

[3] The only financial objection raised by plaintiffs to proceeding in the Cayman Islands is the apparent lack of a contingency fee agreement in the Cyaman Islands. Plaintiffs have not shown that the lack of a contingent fee agreement in the Cayman Islands would cause any type of financial hardship or prevent them from proceeding with their claims in that forum. In Fiorenza v. U.S. Steel Int'l, Ltd., 311 F.Supp 117 (S.D.N.Y. 1969), the court stated that "plaintiff maintains that he is impecunious and has no source of income, that he has been unable to work since the accident and that, as a result, he and his family depend upon his brother, with whom they live, for support." Id. at 120. In another case, a plaintiff submitted an affidavit which showed she owed $10,000 in medical bills, that her medical insurance was due to expire and that she had assets under $50. See McKrell v. Penta Hotels (France), S.A., 703 F.Supp. 13-14 (S.D.N.Y. 1989).

[4] In Yager, supra, the plaintiff specifically argued that she would undergo a substantial financial hardship if forced to litigate in the Bahamas. Id. at *7.

[5] While both Schmidt and Bartolacci involved motions to transfer, the factors a court considers in a motion to transfer and a motion to dismiss based on *forum non conveniens* are one

witnesses include medical professionals who treated plaintiff[s] subsequent to the accident. Their testimony will be largely irrelevant to defendant's alleged liability, and will become relevant only if plaintiff is successful at trial." 476 F.Supp. at 384. Additionally, "consideration of witnesses' convenience depends on the number of critical witnesses and the relative weight of the issue of liability and damage." See, Schmidt, 544 F.Supp. at 48. In this case, as in Schmidt, the convenience of liability witnesses is of greater significance. Finally, this Court notes that "expert medical testimony is frequently offered by way of video depositions and often proves more cost effective and expeditious than live testimony." Bretz v. Excel Logistics, Inc., No. 92-2067, 1992 WL 212343, at *3 (E.D. Pa. Aug, 22, 1992)(citing Bolton v. Tesoro Petroleum Corp., 549 F.Supp. 1312, 1317 (E.D. Pa. 1982)). Thus, the fact that the bulk of minor-plaintiffs medical care occurred in and around this District is not an obstacle to allowing this action to proceed in the Cayman Islands. See id. As a result, the Court finds that this factor also weighs heavily in favor of the foreign forum.

    With regard to the possibility of viewing the premises, the parties agree that there is no right to a jury trial under Caymanian law. Therefore, the need for a jury view of the Hotel is irrelevant. However, defendant alleges, and plaintiffs do not refute, that the court in the criminal action against Bellman Spence ordered the prosecution and defense to jointly visit the Hotel premises during the trial to investigate the layout of the Hotel, the location of security cameras and other aspects of Hotel security. Such an option would only be available to the fact finder if the civil trial took place in the Cayman Islands.

---

in the same. Thus, the decisions in both Schmidt and Bartolacci have relevance to the instant motion.

Finally, based upon Pennsylvania choice of law analysis, it appears highly likely that Caymanian law will govern this action. "[T]he need of an American court to apply foreign law is an appropriate concern on a *forum non conveniens* motion, and can in fact point to dismissal." Gilbert, 330 U.S. at 509; see also Piper, 454 U.S. at 260. This additional factor also favors having the forum in the Cayman Islands.

In sum, the Court is aware of the substantial deference plaintiff's choice of forum is entitled, but notes that the deference is somewhat diminished where, as here, none of the operative facts occurred in plaintiff's chosen forum. In addition, the Court finds that trial of the action in this district would result in an undue burden to the defendant out of proportion to plaintiffs convenience. The vast majority of sources of proof and liability witnesses are located in the Cayman Islands. There is no compulsory process available for this Court to obtain the attendance in this District of any unwilling non-party witnesses. The cost and time incurred by the Court and parties to follow the Hague Convention to secure the testimony of defendant's non-party witnesses in this District would likely be prohibitive. To the extent it becomes necessary, any view of the premises could easily be accomplished in the Cayman Islands. Caymanian law will likely apply and a Caymanian court is obviously in a better position to interpret that law. Therefore, this case will be dismissed without prejudice to plaintiffs pursuing their claims in the Cayman Islands.

Since the Court has granted defendant's motion to dismiss on *forum non conveniens* grounds, the Court need not address defendant's motion to dismiss based on failure to state a claim.