IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE AND JOHN DOE,
parents and natural guardians of
MARY DOE, a minor

v.                              C.A. NO. 14-4423

THE RITZ CARLTON HOTEL
COMPANY, LLC

### MEMORANDUM OPINION

SCHMEHL, J.                                      DECEMBER 7, 2015

Plaintiffs originally brought this action in the Court of Common Pleas of Philadelphia County, alleging, inter alia, that the defendant's negligence in hiring, retaining and supervising and in failing to provide adequate security resulted in two sexual assaults on the minor-plaintiff by a bellman while the plaintiffs were vacationing at one of defendant's resorts in the Cayman Islands. Defendant removed the action to this Court and, following the removal, filed a motion to dismiss based on *forum non conveniens*. Plaintiffs subsequently filed an amended complaint. Defendant filed a motion to dismiss the amended complaint based on *forum non conveniens* or, alternatively, for failure to state a claim. By Memorandum Opinion and Order dated January 14, 2015, the Court granted the motion based on *forum non conveniens* and dismissed this action.[1]

---

[1] In conducting its *forum non conveniens* analysis, the Court noted that it first must determine whether an adequate alternative forum existed to hear the case. (ECF 22, p. 4.). If the Court found that such a forum existed, the Court then had to determine how much deference to give plaintiff's choice of forum. (Id.). Finally, the Court noted that the Supreme Court required the Court to balance the private interest factors which affect the convenience of the parties, and

cc: Read

[ECF 22, 23]. Plaintiffs appealed the Court's decision to the United States Court of Appeals for the Third Circuit. Following the filing of the appeal, plaintiffs hired new counsel. Presently before the Court is the plaintiffs' motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The Court heard oral argument on the motion on August 21, 2015. For the reasons that follow, the motion is denied.

As the basis for their Rule 60(b)(6) motion, plaintiffs claim their prior attorney's actions in contesting the defendant's motions to dismiss based on *forum non conveniens* amounted to gross negligence. Specifically, plaintiffs claim their prior attorney was grossly negligent in the following particulars:

> (1) gross failure to fully explore and cite relevant case law on the applicable legal standard regarding the level of deference afforded to an American plaintiff's choice of home forum;
> (2) gross failure to establish a record, upon which this Court could have balanced the private factor interests of the Plaintiffs, consistent with the appropriate level of deference given to the Plaintiff's chosen forum;

---

the public interest factors which affect the convenience of the forum.(Id. at 3).
    The Court found that the Cayman Islands presented an adequate alternative forum since the defendant was amenable to service of process there, the tort of negligence was recognized in the Cayman Islands and the applicable statute of limitations would not expire until 2016. (Id. at 4).The Court stated that it was aware of the substantial deference to which plaintiff's choice of forum was entitled, but noted that the deference is somewhat diminished where, as here, none of the operative facts occurred in plaintiffs' chosen forum. (Id. at 4-5). In addition, the Court found that trial of the action in this district would result in an undue burden to the defendant out of proportion to plaintiffs convenience since the vast majority of sources of proof and liability witnesses are located in the Cayman Islands and there is no compulsory process available for this Court to obtain the attendance in this District of any unwilling non-party witnesses. (Id. at 5-8). The Court also noted that the cost and time incurred by the Court and parties to follow the Hague Convention to secure the testimony of defendant's non-party witnesses in this District would likely be prohibitive. (Id.). The Court further found that to the extent it became necessary, any view of the premises could easily be accomplished in the Cayman Islands. (Id. at 9). Finally, the Court noted that Caymanian law would likely apply and a Caymanian court is obviously in a better position to interpret that law. (Id. at 10).

2

(3) gross failure to consider whether the Cayman Islands should be considered an adequate alternative forum;
(4) gross failure to fully explore the Constitutional issue of the loss of the Doe's family right to a jury trial; and
(5) gross failure in adequately representing his clients' interests by apparently putting his and his firm's interests above the interest of the Doe family.

(ECF 35, 2-3).

"Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an order for 'any other reason justifying relief from the operation of the judgment.'" Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting Rule 60(b)(6)). Relief under Rule 60(b)(6) is extraordinary and is available only in exceptional circumstances. Reform Party of Allegheny County v. Allegheny Dept. of Elections, 174 F.3d 305, 311 (3d Cir. 1999); Boughner v. Secretary of Health and Welfare, 572 F.2d 976, 978 (3d Cir. 1978). A party seeking such relief must show that an "extreme" and "unexpected" hardship will result without it. Id. Moreover, our Court of Appeals has cautioned that Rule 60(b) must be applied "[s]ubject to the propositions that the finality of judgments is a sound principle that should not be lightly cast aside, [and] that clause (6) is not a substitute for appeal . . ." Kock v. Government of the Virgin Islands, 811 F.2d 240, 246 (3d Cir. 1987).

In Boughner, plaintiffs' attorney failed to file a response to six motions for summary judgment resulting in judgment being entered against each of the six clients on their claims for benefits brought under the Federal Coal Mine Health and Safety Act of 1969. A survey revealed that in fact counsel had failed to file a response to a total of 52 such motions for summary judgment. The Third Circuit found that counsel's failure to respond to the summary judgment motions amounted to neglect so "gross" as to be "inexcusable." 572 F.2d at 978. The Third

3

Circuit also stated that counsel's actions were "egregious" and "amounted to nothing short of leaving his clients unrepresented." Id. at 977.

In Carter v. Albert Einstein Medical Center, 804 F.2d 805, 806 (3d Cir. 1986), our Court of Appeals reversed the district court's denial of plaintiff's Rule 60(b) motion on plaintiff's counsel's "blatant disregard for explicit [court] orders." Counsel's disregard included failing to submit already overdue answers to interrogatories, failing to respond to defendant's subsequent motion to dismiss the Complaint and failing to attend a pretrial conference. Under these circumstances, the Third Circuit found that sanctions other than dismissal were appropriate.

Plaintiff's prior counsel filed this suit in the Court of Common Pleas of Philadelphia County on June 18, 2014, prior to the commencement of the criminal trial against the bellman in the Cayman Islands. The case was removed to this Court and, after defendant filed a motion to dismiss the original complaint based on *forum non conveniens* grounds and for failure to state a claim on August 13, 2014, plaintiffs' prior counsel timely filed a 23 page response with approximately 11 and ½ pages devoted to responding to defendant's *forum non conveniens* argument. (ECF 9). Attached to the response was one exhibit entitled "Guide to the Costs of Litigation in the Cayman Islands." (Id.). Prior counsel apparently did not provide a copy of the response to plaintiffs either before or after it was filed.

After defendant moved to dismiss plaintiff's amended complaint on the grounds of *forum non conveniens* on September 19, 2014 (ECF 17), plaintiffs' counsel timely filed on October 7, 2014 essentially the same response that he had previously filed in response to defendant's motion to dismiss the original complaint on *forum non conveniens* grounds. (ECF 19). The response also contained the same exhibit that plaintiff had attached to their original response with the addition

4

of an affidavit from counsel identifying the names of the plaintiffs' witnesses who are located in Pennsylvania. (Id.). Counsel apparently did not provide a copy of the response to plaintiffs before or after it was filed. On January 14, 2015, the Court issued its decision in this matter. Instead of filing a motion for reconsideration, plaintiff's prior counsel filed an appeal with the United States Court of Appeals for the Third Circuit. (ECF 24).

The facts in this case are quite different from the facts of Boughner. In Boughner, the attorney simply did not respond to 52 motions for summary judgment which resulted in judgments against his clients on their claims for disability benefits. It was counsel's failure to respond in any manner to the motions for summary judgment that the Third Circuit found that constituted gross neglect. Here, on the other hand, plaintiff's prior counsel filed a response to the defendant's motion to dismiss the original complaint based on forum non conveniens and a response to the defendant's motion to dismiss the amended complaint based on forum non conveniens. While plaintiffs may not be satisfied with the contents of either response, their dissatisfaction does not come close to satisfying the gross neglect standard enunciated by the Third Circuit in Boughner.

Plaintiff first argues that their counsel did not present to the Court the proper legal standard regarding the level of deference due to an American plaintiff's choice of a home forum. Plaintiffs particularly object to counsel's statement that "[t]he Court of Appeals for this Circuit has made it clear that a plaintiff's choice of forum must always be given some deference." (ECF 19, p.5). However, plaintiff's counsel also noted that the Third Circuit has stated that the plaintiff's choice of forum is entitled to "'great deference'" and that the Third Circuit has recognized that the Supreme Court has directed that "'[a] plaintiff's choice of forum should

rarely be disturbed.'" (Id.). Counsel also noted that "[t]he deference given to a plaintiff's forum is particularly strong where the plaintiffs have chosen the forum in which they reside." (Id.). Counsel's actions in stating the great deference that a court must give to plaintiff's choice of forum hardly amounts to gross negligence.[2]

Plaintiffs next argue that their prior counsel was grossly negligent in failing to establish a record upon which the Court could have properly considered the private interest factors. Specifically, plaintiffs argue that following the completion of the criminal trial and before filing his response to the defendant's motion to dismiss the amended complaint based on *forum non conveniens* their prior counsel had in his possession certain e-mails from plaintiff John Doe that detailed in real time the fear the family was allegedly experiencing while staying in the Cayman Islands for the criminal trial (ECF 26-35, 26-36), as well as the fact Mary Doe's psychologist, Ronald J, Esteve, Ph.D, accompanied the family to the criminal trial so that he could provide emotional support to Mary Doe during her testimony. (ECF 26-60).

In addition, plaintiffs argue that their prior counsel never requested that Dr. Esteve submit a report detailing the potential negative effect of having to return to the Cayman Islands for a third time would have on Mary Doe. Plaintiffs have submitted such a report with their motion for relief under Rule 60(b)(6). (ECF 26-61). Finally, plaintiffs contend that their prior counsel failed

---

[2] In any event, the Court was completely cognizant of the paramount importance and great deference to which plaintiffs' choice of forum was entitled. Specifically, the Court stated in its Opinion: "A court is generally required to give a plaintiff's choice of forum significant deference. [citation omitted]. This presumption in favor of plaintiff's choice of forum is particularly strong when the plaintiff is a United States citizen."(ECF 22, p. 4) (citation omitted). The Court went on to note, however, that "courts within this District and elsewhere have held that where [as here] the operative facts giving rise to the action occur outside of the forum selected by the plaintiff, the deference given to plaintiff's choice of forum is 'somewhat reduced.'" (Id.). (citations omitted).

to inform the Court that they used, but did not own, a private jet to fly to the Cayman Islands and of the financial impact the Does would suffer if they were forced to litigate in the Cayman Islands, including John and Jane Doe having to temporarily abandon their respective businesses.

The Third Circuit has held, however, that even an "honest mistake" of a party in failing to adduce stronger evidence of its position does not constitute an "extraordinary circumstance" entitling the party to relief under Rule 60(b)(6). Moolenaar v. Gov't of Virgin Islands, 822 F.3d 1342, 1347 (3d Cir. 1987). See also, Stradley v. Cortez, 518 F.2d 488 (3d Cir. 1975)(Rule 60(b)(6) will not support relief from judgment where hindsight revealed that the judgment may have been legally incomplete or erroneous.); Rastelli Bros, Inc. v. Netherlands Insurance Company, 68 F.Supp 2d 451, 454 (D.N.J.) ("Similar to a situation in which the non-prevailing party fails to appeal the adverse judgment and then seeks to reopen it in order to appeal, the desire to pursue other legal theories that were always available and squarely implicated in the defendant's position herein does not present any extraordinary circumstances, and in fact would turn the presumption of finality of judgments on its head.). Similarly, while it may have been an oversight (or a matter of strategy) for counsel to not have submitted the above information in his response to the defendant's motion to dismiss the amended complaint or in a motion for reconsideration, counsel's actions in failing to submit to the Court all of the information in his possession does not rise to the level of gross negligence needed for the court to grant relief under Rule 60(b)(6).

Plaintiffs next argue that prior counsel was grossly negligent in failing to adequately argue that the Cayman Islands was not an adequate alternative forum. Specifically, plaintiffs argue that counsel failed to inform the Court of certain irregularities and lack of fairness during

the criminal trial in the Cayman Islands.

In its decision, the Court found that the Cayman Islands was an adequate alternative forum based on the oft-considered factors that the defendant was amenable to service of process there, the tort of negligence was recognized there and the statute of limitations for bringing a negligence action against defendant there would not expire until 2016. (ECF 22, p. 4). To the extent there were any irregularities in the criminal trial, these irregularities would have no bearing on any future civil proceeding. In this regard, there were no actions taken or omitted by counsel that could be considered as gross negligence.

Plaintiffs next argue that prior counsel was grossly negligent in failing to make any meaningful arguments with respect to the plaintiffs' constitutional right to a jury trial.

In his response to the second motion to dismiss, counsel specifically argued that were the case to proceed in the Cayman Islands, plaintiffs would be deprived of their constitutional right to a jury trial. (ECF 19, p.7).

The deprivation of a right to a jury trial is only one factor the Courts consider in the analysis of the private and public factors. The deprivation of a jury trial is by no means determinative. Otherwise, a case could almost never be dismissed under the forum non conveniens doctrine because jury trials are not allowed in most foreign forums. In any event, although most cases are tried to a judge in the Cayman Islands, an application or request can be made for a jury trial. (ECF 32-6, Judicature Law, Section 21).

Finally, plaintiffs argue that their prior counsel was grossly negligent by failing to adequately represent his clients' interests by apparently putting his and his firm's interests above the best interests of the plaintiffs. To support their contention, plaintiffs note that counsel filed

8

of the plaintiffs. To support their contention, plaintiffs note that counsel filed this suit before the criminal trail occurred, used the publicity from the civil filing and continues to use it even though the Court has dismissed the case, and filed an appeal without advising his clients of the option of filing a motion for reconsideration.

Plaintiffs are essentially requesting that this Court act like a "Monday Morning" quarterback and second-guess counsel's strategy in pursuing plaintiffs' civil case. The Court declines to do so. The standard in this case, that of "gross negligence," is an incredibly high standard for plaintiffs to meet. Even giving full credence to plaintiffs' allegations, these actions or inactions on behalf of prior counsel simply do not rise to the level of gross negligence found by the Third Circuit in <u>Boughner</u> that would <u>require</u> a reversal.

An appropriate Order follows.